IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rondell Carter, | ) | Case No. 6:20-cv-04020-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Lieber Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF Nos. 1, 7.  Respondent filed a Motion for Summary Judgment and Return and Memorandum on February 19, 2021.  ECF Nos. 15, 16.   Petitioner filed a Response in Opposition to the Motion for Summary Judgment, and Respondent filed a Reply.  ECF Nos. 19, 21.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On March 24, 2021, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted.  ECF No. 22.  Petitioner filed objections to the Report on August 21, 2018; Respondent filed a Reply; and Petitioner filed Reply and a Supplement.  ECF Nos. 24, 26, 27, 28.

## BACKGROUND

Petitioner was indicted on charges of burglary in the first degree, two counts of kidnapping, possession of a weapon during the commission of a violent crime, two counts of armed robbery, and assault and battery with intent to kill in the Georgetown County Court of General Sessions.  App. 447–56, 334–35.  Petitioner's trial began on June 27, 2011, and he was represented by James R. Felts ("trial counsel") and Gerald E. Harmon. App. 1.  Petitioner was convicted on all counts and sentenced to concurrent terms of five years for the possession of a firearm offense and life imprisonment for the assault and battery with intent to kill, first degree burglary, kidnapping, and armed robbery offenses. App. 334–50.

Petitioner appealed to the South Carolina Court of Appeals.  App. 352.  Petitioner was represented in his direct appeal by Robert M. Pachak ("appellate counsel").  *Id*.  The Court of Appeals affirmed this conviction.  *State v. Carter*, No. 2013-UP-157, 2013 WL 8507865, at *1 (S.C. Ct. App. Apr. 17, 2013).

Petitioner filed an application for post-conviction relief ("PCR") in the Georgetown County Court of Common Pleas on July 18, 2013.  App. 361.  A hearing was held on the application on February 5, 2015.  App. 373–98.  By order dated April 27, 2015, the PCR court denied Petitioner's PCR application.  App. 399–409.  Petitioner did not file a timely appeal.

Petitioner filed his second PCR application on January 6, 2016.  App. 410–17.  A hearing was held on May 23, 2017.  App. 426–37.  On August 15, 2017, the second PCR

2

court granted Petitioner's second PCR application in part pursuant to *Austin v. State*, 305 S.C. 453 (1991), allowing Petitioner to file an appeal of his first PCR application.  App. 438–46.  The remainder of his second PCR application was denied.  *Id.*

Petitioner's counsel filed a *Johnson*[1] petition appealing the PCR court's order by filing a petition for a writ of certiorari to the Supreme Court of South Carolina and a request to withdraw as counsel.  ECF No. 15-2.  The South Carolina Court of Appeals denied the petition on September 22, 2020.[2]  ECF No. 15-5.  Petitioner filed this action on November 13, 2020.[3]  ECF No. 1.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the

---

[1] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California,* 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State,* 364 S.E.2d 201 (S.C. 1988).

[2] The South Carolina Court of Appeals' order references two pro se responses filed by Petitioner.  *See* ECF No. 15-5.  Those responses do not appear in the record and are not available on the public docket.  As procedural default has not been raised and all of Petitioner's grounds have been addressed on the merits, the Court finds the pro se responses are not required for review of the Petition.

[3] *See Houston v. Lack,* 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

3

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

4

**DISCUSSION**

Petitioner raised three grounds in his Petition, and the Magistrate Judge recommended granting summary judgment. Petitioner objects to the Magistrate Judge's recommendation. The Magistrate Judge provided a thorough recitation of the procedural history and the relevant law, including the summary judgment standard and the habeas corpus standard of review, which the Court incorporates into this Order by reference.[4] As all of Petitioner's grounds raise issues of ineffective assistance of counsel and appellate counsel, the Court will begin with a brief discussion of the relevant law.

*Ineffective Assistance of Counsel*

To be entitled to relief on an ineffective assistance claim, a petitioner must show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of that proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). *Strickland* does not guarantee perfect representation, only a "'reasonably competent attorney.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U. S. 759, 770 (1970)). There is a strong presumption that counsel rendered adequate assistance and

---

[4] Respondent acknowledges that Petitioner has exhausted his state court remedies and that the Petition is timely. ECF No. 15 at 10–12. Respondent has not raised procedural default, which is an affirmative defense. *See Gray v. Netherland,* 518 U.S. 152, 165–66 (1996) (stating that if a potentially defaulted claim is raised in the federal proceedings, the respondent must raise procedural default as a defense when the claim is raised in the federal proceedings or lose the right to raise the defense at a later federal proceeding).

5

exercised reasonable professional judgment in making all significant decisions in the case.  *Id.* at 690.

The review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable.  *See* 28 U.S.C. § 2254(d).  Additionally, each step in the review process requires deference—deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations omitted).

As the Supreme Court explained in *Strickland,* the Sixth Amendment's guarantee of "'the right to counsel is the right to the effective assistance of counsel.'"  466 U.S. at 686 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970)).  Although *Strickland* involved a claim concerning the alleged ineffective assistance of the defendant's trial counsel, the right to effective assistance of appellate counsel, as well as the *Strickland* standard for evaluating an ineffective assistance of counsel claim, was

6

extended to appellate proceedings in *Smith v. Murray,* 477 U.S. 527 (1986), and *Smith v. Robbins,* 528 U.S. 259 (2000).  Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and "we must accord appellate counsel the presumption that he decided which issues were most likely to afford relief on appeal."  *Bell v. Jarvis,* 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotation marks omitted).  "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986), *cited with approval by Robbins,* 528 U.S. at 288.

### Ground One

In Ground One, Petitioner asserts that appellate counsel was ineffective for failing to argue that evidence was erroneously admitted when there was an issue with the chain of custody.  ECF No. 7 at 5.  At trial, trial counsel made a motion in limine requesting that certain evidence be suppressed because there was no record custodian and there was "no way to know where it came from."  App. 60.  The State argued that the evidence was not fungible and that it was going to be authenticated by an evidence custodian.  App. 60–61.  The trial court denied the motion but stated that trial counsel could raise the issue again if the State sought to introduce the evidence and did not lay a proper foundation.  App. 61.  Trial counsel then argued that some of the evidence in the bag was fungible, including the bandana; the trial court reiterated that the motion was denied.  App. 63.  At

7

trial, Michael Thacker, a criminal investigator for Georgetown County, was called as a witness and testified that he collected the evidence, sealed it in packages that he initialed, and that the evidence was in the same condition as when he last saw it. App. 93–97. Trial counsel objected, and the trial court determined that the evidence was not fungible and overruled the objection. App. 100. Appellate counsel did not raise this issue in the appeal.

Here, the PCR court addressed appellate counsel's performance under the standard set forth in *Strickland*. App. 405–06. The PCR court found that,

> Applicant failed to meet his burden of showing appellate counsel ineffective for failing to brief a chain of custody issue. Again, the Court notes Applicant failed to present any testimony from appellate counsel on this issue, and the Court will presume appellate counsel strategically chose to not brief this issue. <u>Dempsey</u>, 363 S.C. at 370, 610 S.E.2d at 815; <u>Collins</u>, 686 S.E.2d at 308.
>
> Regardless, the Court also finds Applicant has not demonstrated this issue would have proven successful on appeal. The mere fact the physical evidence was in the possession of the solicitor prior to trial does not make the evidence inadmissible. Several witnesses testified the evidence was what it purported to be. <u>State v. Glenn</u>, 328 S.C. 300, 305, 492 S.E.2d 393, 395 (Ct. App. 1997) ("While the chain of custody requirement is strict where fungible evidence is involved, where the issue is the admissibility of non-fungible evidence-that is, evidence that is unique and identifiable-the establishment of a strict chain of custody is not required[.]");Thus, any issues regarding the chain of custody go to the weight of the evidence, not its admissibility. <u>See, e.g.</u>, <u>State v. Wells,</u> 336 S.C. 223, 230, 426 S.E.2d 814, 817 (Ct. App. 1992) <u>overruled on other grounds by Burgess v.</u>

8

> State, 329 S.C. 88, 495 S.E.2d 445 (1998) (allowing
> admission of clothes evidence despite defects in chain of
> custody, especially where there was no forensic evidence
> related to the clothes). Because the evidence was properly
> admitted, Applicant has not shown he would have been
> successful had appellate counsel raised this issue on appeal.
> Anderson, 354 S.C. at 434, 581 S.E.2d at 835.

App. 407–08.  The PCR court's denial of Petitioner's ineffective assistance of appellate counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  As explained in more detail by the Magistrate Judge, a foundation was laid for the evidence and there is a reasonable argument that the evidence in question was not fungible.  South Carolina courts have held that "the establishment of a strict chain of custody is not required [when the item is non-fungible, which occurs when] the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change[.]" *State v. Freiburger*, 620 S.E.2d 737, 741 (S.C. 2005).  Therefore, appellate counsel's decision not to brief this issue was not unreasonable under *Strickland*'s deferential standard.  Moreover, Petitioner has failed to show a reasonable probability that, but for appellate counsel's failure to brief this issue, he would have prevailed on his appeal.

9

*Smith v. Robbins*, 528 U.S. 259, 285–86 (2000) (holding that a petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal" to establish prejudice) (citing *Strickland*, 466 U.S. at 694 (finding that a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Therefore, summary judgment is appropriate with respect to this ground.

### Ground Two

In Ground Two, Petitioner argues that trial counsel and appellate counsel were ineffective with respect to the "hand of one hand of all" jury instruction given at trial. ECF No. 7 at 7. Trial counsel objected to the instruction at trial; however, Petitioner asserts that he should have explained it in more detail to the trial court. He contends appellate counsel was ineffective for failing to brief this issue on appeal.

At trial, the State informed the court that she intended to use a PowerPoint during her opening argument which included a slide with a charge on the "hand of one hand of all." App. 47. Trial counsel argued it was inappropriate for the State to explain legal principles to the jury, and the trial court denied his motion and allowed the State to use the slide during her opening and closing arguments. App. 48, 70, 304. The trial court also instructed the jury that the "hand of one is the hand of all." App. 319–21. The Petitioner argues that the instruction was inappropriate because his co-defendants had already pled guilty to lesser charges.

10

The first PCR court addressed this ground as to appellate counsel. As stated above, the PCR court addressed appellate counsel's performance under the standard set forth in *Strickland*. App. 405–06. The PCR court found that,

> Applicant failed to meet his burden of showing ineffective assistance of appellate counsel for failing to challenge the trial judge's accomplice liability instruction. Initially, the Court notes Applicant failed to present any testimony from appellate counsel on this issue. As such, the Court cannot speculate as to why certain issues were not briefed and must presume appellate counsel strategically chose what issues to brief. Cf. Dempsey v. State, 363 S.C. 365, 370, 610 S.E.2d 812, 815 (2005) (finding that, without a witness's testimony, "any finding of prejudice is merely speculative"); see also Collins v. State, 686 S.E.2d 305, 308 (Ga. 2009) ("[D]uring the hearing, Collins's appellate counsel did not ask trial counsel about the decision not to call Malcom as a witness, "and the decision not to do so is therefore presumed to be a strategic one that does not amount to ineffective assistance." (citations omitted)).
>
> Regardless, Applicant has not demonstrated he would have been successful had appellate counsel challenged the judge's jury instruction. Applicant argues the trial judge erred in charging the jury on accomplice liability. However, the trial judge was required to instruct the jury based on the evidence presented at trial. State v. Dickman, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (citing State v. Burriss, 334 S.C. 256, 513 S.E.2d 104 (1999)). The testimony at trial overwhelmingly indicates Applicant was the leader of the party that committed these crimes. Two witnesses testified Applicant ordered a co-defendant to shoot one of the victims. (Trial Tr. p. 212, lines 20-21; p. 1923, lines 7-9). Thus, there was evidence Applicant was acting in concert with the co-defendants to commit the armed robberies, kidnappings, and ABWIK, even though he may not have personally committed some of the acts constituting the crimes. Therefore, the trial judge properly

11

> instructed the jury on accomplice liability. Id. at 296, 534
> S.E.2d at 269. Because the jury instruction was proper,
> Applicant has not shown he would have been successful had
> appellate counsel raised this issue on appeal. Anderson, 354
> S.C. at 434, 581 S.E.2d at 835.

App. 406–07. The PCR court's denial of Petitioner's ineffective assistance of appellate counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. As explained by the first PCR court, the trial court instructed the jury based on the evidence presented at trial. The PCR court further noted that there was evidence introduced at trial that overwhelmingly indicated that Petitioner was the leader of the party that committed the crimes. Therefore, appellate counsel's decision not to brief this issue was not unreasonable under *Strickland*'s deferential standard. Moreover, Petitioner has failed to show a reasonable probability that, but for appellate counsel's failure to brief this issue, he would have prevailed on his appeal. Therefore, summary judgment is appropriate with respect to this ground.

With respect to Plaintiff's claim that trial counsel was ineffective, Petitioner raised this issue in his first PCR application. App. 363. At the end of the order, the PCR court noted that

> As to any and all allegations that were raised in the application
> or at the hearing in this matter and not specifically addressed
> in this order, the Court finds Applicant failed to present any
> evidence regarding such allegations.  Accordingly, the Court
> finds Applicant has abandoned any such allegations.

App. 408.  To the extent this can be considered a ruling on the merits of Petitioner's claim,

the PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither

contrary to nor an unreasonable application of applicable Supreme Court precedent.

First, the PCR court applied the *Strickland* standard, which is the applicable Supreme

Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set

of facts that were materially indistinguishable from those considered in a decision of the

Supreme Court but arrived at a result different from the Supreme Court precedent.

To the extent this ruling cannot be considered a ruling on the merits, the Court will

review this claim de novo.  *See Cone v. Bell*, 556 U.S. 449, 472 (2009); *Winston v. Kelly*,

592 F.3d 535, 553–54 (4th Cir. 2010) ("The only limitation on § 2254(d)'s application is

that the claims submitted must have been 'adjudicated on the merits' in state court.  When

a claim has not been adjudicated on the merits by the state court, a federal court reviews

the claim de novo.").

As explained above, trial counsel objected to the jury charge; however, Petitioner

continues to assert that the charge was improper as his co-defendants had already pled

guilty.  *See, e.g.*, ECF No. 24 at 2–3.  Petitioner has made no showing that he is entitled

to relief on this claim.  While the PCR court specifically discussed appellate counsel in its

13

order, the Court, nevertheless, finds that it laid out the relevant caselaw with respect to trial counsel.  As noted by the PCR court, the trial judge was required to instruct the jury based on the evidence presented at trial.  *State v. Dickman*, 534 S.E.2d 268, 269 (S.C. 2000) (citing *State v. Burriss*, 513 S.E.2d 104 (S.C. 1999)).  Moreover, the testimony presented at trial overwhelmingly pointed to Petitioner as the leader of the party that committed the charged offenses.  Two witnesses testified Petitioner ordered a co-defendant to shoot one of the victims. App. 194, 213.  Accordingly, there was ample evidence that Petitioner was acting in concert with the co-defendants to commit the armed robberies, kidnappings, and assault and battery with intent to kill, regardless of whether he personally committed all of the acts constituting the crimes.  Thus, because the jury instruction was proper based on the evidence at trial, Petitioner has not demonstrated trial counsel was ineffective for failing to further object to the jury charge.  *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

### *Ground Three*

In Ground Three, Petitioner argues that trial counsel was ineffective for failing to ask for a curative instruction when a prejudicial statement was made about his character. ECF No. 7 at 9.

14

At trial, Christina Carroll stated that she had smoked marijuana while she and others were being held hostage. App. 196. The State asked her where she got the marijuana, and Ms. Carroll testified that Petitioner gave it to her. App. 198. Trial counsel objected, and the trial court heard arguments in camera. App. 198–200. During the in camera proceeding, trial counsel argued:

> Your Honor, there was testimony from the witness that the marijuana she smoked came from my client. It's highly, highly, highly prejudicial. That's a bell that cannot be un-rung. At this time, we're going to move for a mistrial simply because of the testimony that came out of that witness's mouth.
>
>        ***
>
> A curative instruction can't fix that. I mean, it's – the bell's been rung.

App. 199. The State argued that, in light of the serious charges facing Petitioner, sharing a little bit of marijuana was very minor and not highly prejudicial. *Id*. The State also noted that there had been significant testimony regarding drug use among the co-defendants and victims. *Id*. The trial court denied trial counsel's motion for a mistrial and found that the statement was not so prejudicial as to deny Petitioner a fair trial and noted that most of the testimony about drug use had been brought out by the Defense. App. 200. The trial court did not give a curative instruction once the jury returned.

This claim was raised to the PCR court. App. 363. The PCR court did not directly address this claim. However, as stated above, at the end of its order, the PCR court generally stated that

15

> As to any and all allegations that were raised in the application
> or at the hearing in this matter and not specifically addressed
> in this order, the Court finds Applicant failed to present any
> evidence regarding such allegations. Accordingly, the Court
> finds Applicant has abandoned any such allegations.

App. 408. To the extent this can be considered a ruling on the merits of Petitioner's claim, the PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

To the extent this ruling cannot be considered a ruling on the merits, the Court will review this claim de novo. The Court finds that Petitioner has failed to establish that he is entitled to relief on this ground. Specifically, the Court finds Petitioner cannot demonstrate he was prejudiced by trial counsel's purported deficiency because Petitioner fails to show any error in trial counsel's decision to decline to request a curative instruction. At trial, extensive testimony was elicited regarding the use of drugs by the victims and co-defendants. *See, e.g.*, App. 85, 163, 166, 196, 221. Moreover, at closing, trial counsel argued that this was merely a case of a drug party gone wrong. He stated that "[t]his is an overnight drug binge, a drug party. The next day my client [and] William Douglas, you know, ride around and try to cash some checks to pay for the drugs that

16

were used." App. 309–10. In light of the foregoing, the undersigned finds that Petitioner has failed to meet his burden of showing he is entitled to relief on his claim that trial counsel was not ineffective for failing to request a curative instruction after a brief mention that Petitioner provided Ms. Carroll with marijuana. *See State v. Brown*, 543 S.E.2d 552, 555 (S.C. 2001) (stating the erroneous admission of character evidence is harmless beyond a reasonable doubt if it has a minimal impact in the context of the entire record); *see also* 28 U.S.C. § 2254(a). Accordingly, summary judgment is appropriate with respect to this ground.[5]

## **CONCLUSION**

The Court agrees with the Magistrate Judge's recommendation that the Motion for Summary Judgment should be granted. Therefore, based on the foregoing, Respondent's Motion for Summary Judgment is **GRANTED** and the Petition is **DENIED**.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[5] In the "conclusion" section of Petitioner's Supplement, liberally construed, he asserts that he has served 12 years of his sentence and that trial counsel did not inform him that there was a plea offer on the table for 11 years. ECF No. 28 at 5. As this argument was not raised in the Petition or any of Petitioner's other objections, the Court construes it as a general argument in support of his request for relief, rather than a new ground for relief.

17

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

September 28, 2021
Spartanburg, South Carolina

18